**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| King Demetrius, formally known as Demetrius Hill, Prophet-Priest-King (PPK),<br><br>                                   Plaintiff,<br><br>          -v-<br><br>State of New York & United States of America,<br><br>                                   Defendants. | 2:25-cv-5648 (NJC) (LGD) |

**<u>ORDER</u>**

NUSRAT J. CHOUDHURY, United States District Judge:

This action concerns an unsigned Petition for Writ of Habeas Corpus brought by

Demetrius Hill (named as "King Demetrius, Prophet-Priest-King (PPK)," "[f]ormally known as

Demetrius Hill") pursuant to 28 U.S.C. § 2241 and was initiated without payment of a filing fee

or submission of a motion to proceed in forma pauperis ("IFP"). (Petition, ECF No. 6.)[1] By

---

1 This case was initiated on September 29, 2025 with Hill's filing of two motions for declaratory and injunctive relief against the State of New York and the United States of America without a complaint, payment of the filing fee, or a motion seeking IFP status. (*See* Mots. ECF Nos. 1–2.) The Clerk of Court issued a notice of Deficiency dated October 9, 2025, which informed Hill that a complaint and either payment of the filing fee or the submission of a motion to proceed IFP are required for this case to proceed. (Not. of Def., ECF No. 3.) The Clerk's Office enclosed a complaint form and an IFP application with the Notice and instructed Hill to complete and return the enclosed papers within 14 days. The Notice also cautioned: "If you do not comply, your case will not proceed and may be dismissed." (*Id.*)

On October 20, 2025, Hill filed an unsigned Petition against the same entities instead of a civil complaint (Petition, ECF No. 6), but still did not remit the filing fee or file an IFP motion. The Clerk of Court issued another Notice of Deficiency dated October 24, 2025, instructing Hill that "[p]apers, including complaint, petitions . . . cannot be filed without an original signature pursuant to Rule 11 of the Federal Rules of Civil Procedure. Your original signature is needed wherever an "X" appears." (Second Not., ECF No. 7.) A copy of the Petition with an "X" in the space for Hill to sign was enclosed along with another IFP application. (*Id.*) This Second Notice

Order dated January 15, 2026, the Court ordered Hill "to file a copy of the Petition with an original signature within fourteen (14) days from the date of this Order." (Order, ECF No. 8.) The Order warned: "If Hill fails to do so, this action will be dismissed without prejudice, without further Order of the Court. Further, unless Hill also remits the filing fee or files a motion to proceed IFP within 14 days, the Court will dismiss the petition without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id*.)

The Order was mailed to Hill at his address of record on January 16, 2026 and, on February 2, 2026, it was returned to the Court as undeliverable. (ECF No. 9.) However, the Order was also posted on the Court's Electronic Case Filing ("ECF") system where Hill could view it from any computer with internet access. To date, Hill has not filed a signed pleading, nor has he paid the filing fee or filed a motion to proceed IFP.

Under Federal Rule of Civil Procedure 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). A pro se party's typewritten name does not satisfy the signature requirement. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)"). "Although the failure to sign is considered, generally, a mere technical defect, . . . under appropriate circumstances it may constitute grounds for striking the pleading." *Wrenn v. New York City Health & Hosps. Corp*., 104 F.R.D. 553, 556 (S.D.N.Y. 1985) (citing 5 Wright &

---

warned that, "[i]f you decide to proceed with your action, you must return the enclosed paper WITHIN 14 DAYS FROM THE DATE OF THIS LETTER. If you do not comply, your case will not proceed and may be dismissed." (*Id*.) The Second Notice was mailed to Hill at his address of record on October 24, 2025, and it has not been returned to the Court as undeliverable.

Miller, Federal Practice and Procedure: Civil § 1334 (1969)); *United States v. Philadelphia Health Management Corp.*, 519 F. Supp. 818, 826 n. 9 (E.D. Pa. 1981); *cf. Hernandez-Avila v. Averill*, 725 F.2d 25, 28 (2d Cir. 1984)). Indeed, in *Wrenn*, counsel's failure to file a signed pleading for more than five weeks after the defect was called to his attention could "hardly be attributed to inadvertence or excusable neglect." *Wrenn*, 104 F.R.D. at 556.

Here, as of October 24, 2025, Hill was on notice that the unsigned Petition requires his original signature and that dismissal is a possible consequence of noncompliance. (Second Not., ECF No. 7.) The 14-day period within which to cure the deficiency expired on November 7, 2025. Approximately three months have passed since that date and Hill has still not signed the Petition. Nor has he otherwise communicated with the Court about this case. As is readily apparent, this case cannot proceed without Hill's participation.

Further, the "duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." *Gross v. Bank of Am.*, No. 2:25-cv-4265 (NJC) (ARL), 2025 WL 3049754, at *1 (E.D.N.Y. Oct. 31, 2025) (internal quotation marks and citation omitted). The failure to keep the Court apprised of a plaintiff's current address is a sufficient reason to dismiss a petition for failure to prosecute. *Id.* (citing *Szabo v. City of New York*, No. 16-cv-3683, 2022 WL 11213513, at *3 (E.D.N.Y. Oct. 19, 2022) ("Courts have repeatedly held that a plaintiff's failure to maintain an address with the Court is a sufficient ground to dismiss for failure to prosecute.")). This case cannot proceed without Hill's participation; nor can it proceed if the Court is unable to contact him. *Greene v. Sposato*, No. 16-cv-1243, 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019).

The Court has considered the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil

Procedure as set forth in *Baptiste v. Sommers*: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. 768 F.3d 212, 216 (2d Cir. 2014).

Balancing these factors, it is appropriate to dismiss this action without prejudice for failure to prosecute under Rule 41(b). Hill has not updated his address and has failed to respond to this Court's Order to cure the deficient filing by signing his pleading. Nor has he paid the filing fee or filed a motion to proceed IFP. Given Hill's failure to cure his deficient filing, it appears that Hill has abandoned this case. Hill has had notice of his deficient filing since October 2025,[2] yet has failed to take necessary steps to cure the deficiency. Additionally, Defendants will be prejudiced by further delay. Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with Hill's interest in being heard.

Accordingly, the Petition is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall enter judgment and close this case.

The Clerk of the Court shall mail a copy of this Order and Judgment to Hill at his address of record and shall also record such mailing on the docket. This Order and the Judgment shall also be posted on ECF.

---

[2] Notably, the Notices of Deficiency dated October 24, 2025 and October 9, 2025 (ECF Nos. 3, 7) were mailed to that same address of record and were not returned as undeliverable.

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-445 (1962).


Dated: Central Islip, New York
        February 4, 2026


                                    */s/ Nusrat J. Choudhury*
                                    NUSRAT J. CHOUDHURY
                                    United States District Judge